**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:08-CR-00259-PMP |
| Plaintiff, | |
| vs. | |
| JOSE CABRERA SABLAN and JAMES NINETE LEON GUERRERO, | ORDER |
| Defendants. | |

On August 14, 2008 the Federal Grand Jury sitting in the Eastern District of California at Fresno, returned a Three Count Indictment charging Defendants Jose Cabrera Sablan and James Ninete Leon Guerrero with First Degree Murder in Violation of 18 U.S.C. § 1111(a), First Degree Murder of a United States Correctional Officer in Violation of 18 U.S.C. § 1114(a), and Murder by a Federal Prisoner Serving a Life Sentence in Violation of 18 U.S.C. § 1118. The Indictment includes a Notice of Special Findings which render Defendants Sablan and Guerrero eligible for imposition of the Death Penalty in the event of conviction.

On October 3, 2011, this case was transferred to the undersigned United States District Judge sitting by designation in the United States District Court for the Eastern District of California (Doc. #474). On October 24, 2011, the Court

conducted a telephonic status conference with counsel at which it was determined that resolution of issues relating to the competence of Defendant Guerrero should be promptly addressed.

Currently before the Court are:

> Defendant Guerrero's Motion for Hearing to Determine Competency Pursuant to 18 U.S.C. § 4241 (Doc. #448) filed August 17, 2011;
>
> Defendant Guerrero's Request to Seal Document and Motion to Seal Competency Proceedings (Doc. #454) filed August 18, 2011;
>
> Defendant Sablan's Notice of Intention to File Opposition to Defendant Guerrero's Request to Seal Document (Doc. #458) filed August 19, 2011;
>
> Defendant Sablan's Response in Opposition to Defendant Guerrero's Request to Seal Document and Motion to Seal Competency Proceedings (Doc. #460) filed August 25, 2011;
>
> Defendant Sablan's Notice of Filing Second Declaration (Doc. #465) filed August 26, 2011;
>
> Plaintiff's Response to Request of Defendant Guerrero to Seal (Doc. #467) filed August 30, 2011; and
>
> Defendant Guerrero's Reply to Defendant Sablan's Opposition to Motion to Seal Competency Proceedings (Doc. #466) filed August 30, 2011.

By his Request to Seal Document (Doc. #454) Defendant Guerrero seeks to seal a portion of his Motion for Competency Hearing as necessary to preserve his right to a fair trial, his right to privacy, the confidentiality of his attorney-client communications, and attorney work product. The Government does not "consent" to the closing of the competency hearing (Doc. #467), and Co-Defendant Sablan strongly opposes any procedure which would deny him access to the competency hearing and all filings related thereto (Doc. #460).

Although there is no right of access to all judicial criminal proceedings, the public and the press generally have a First Amendment Right to access criminal trials and related proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1217 (9th Cir. 1989).

Nothing in the federal statutory framework relating to competency hearings in criminal cases, or in the Federal Rules of Criminal Procedure provides that such proceedings should be closed to the public or to a co-defendant. Indeed, criminal proceedings, including hearings relating to the competency of a defendant have historically open to the public and press. And the value of ensuring public access to criminal proceedings, while not without qualification, is well settled. *Richmond Newspapers, Inc.*, 448 U.S. at 570-72.

In his Opposition to Defendant Guerrero's Request to Seal Document and Motion to Seal Competency Proceedings (Docs. #458, 460 and 465), Co-Defendant Sablan makes a compelling argument that he should have access to all proceedings relating to the determination of Guerrero's competency. The Court finds no good cause presented by Defendant Guerrero to warrant exclusion of Defendant Sablan from access to Defendant Guerrero's motions and exhibits, or the hearing relating to Defendant Guerrero's competency. The Court will therefore deny Defendant Guerrero's Request to Seal Document and Motion to Seal Competency Proceedings (Doc. #454) with respect to Co-Defendant Sablan.

Whether the public and press should be excluded from Defendant Guerrero's competency hearing, and denied access to those materials relating to competency which Defendant Guerrero seeks to maintain under seal, requires the balancing of certain additional factors. Guerrero acknowledges that a party seeking to seal pretrial criminal proceedings must establish that the procedure is "strictly and inescapably necessary in order to protect the fair-trial guarantee." *United States v.*

*Brooklier*, 685 F.2d 1162, 1167 (9th Cir. 1982). To do so, Guerrero must first demonstrate a substantial probability that irreparable damage to his right to a fair trial will result if the proceedings and documents are not sealed. Second, Guerrero must show a substantial probability that alternatives to sealing will not protect adequately his right to a fair trial. Finally, Guerrero must demonstrate a substantial probability that closure will be effective in protecting against the perceived harm. *Associated Press v. U.S. District Court*, 705 F.2d 1143, 1146 (9th Cir. 1983). Having reviewed *in camera* the portions of the Motion Guerrero seeks to seal, and having considered the arguments advanced to justify the sealing of Guerrero's competency proceedings and the documents related thereto, the Court finds Guerrero has not met his burden.

Guerrero has not shown a substantial probability of irreparable harm if the competency proceedings and related filings are not sealed. That much of the evidence pertaining to a determination of Guerrero's competency may not be admissible at trial is hardly novel, and Guerrero makes no particularized showing that public revelation of such material would interfere with his right to a fair trial.

Moreover, Guerrero has not shown that viable alternatives to closure are ineffective to ensure his right to a fair trial. Guerrero's concerns regarding pretrial publicity are not unfounded, but the pretrial publicity in this case is neither so extensive or current that the Court has a basis to find that alternatives to sealing (including careful screening and voir dire of prospective jurors, or if necessary, movement of the trial to alternate places of holding court within the Eastern District of California) will not protect Guerrero's right to a fair trial.

Guerrero's privacy rights relating to his competency, to the extent they are cognizable, are largely surrendered by the reality that his competence to stand trial as a defendant in a capital murder prosecution is placed at issue. And while the

4

confidentiality of attorney-client communications and work product generally are subject to greater protection, particularly from an adverse party, Guerrero has already waived such privileges to the extent Guerrero has put his competence at issue and must provide the prosecution with the reports of Guerrero's mental health experts and the materials upon which they relied in forming their expert opinions.

**IT IS THEREFORE ORDERED THAT** Defendant Guerrero's Motion to Seal Competency Proceedings (Doc. #454) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant Guerrero's Motion for Hearing to Determine Competency (Doc. #448) shall be forthwith unsealed and the same is hereby **GRANTED**, and Defendant Guerrero's Competency Hearing is hereby set for February 7, 2012 and February 8, 2012 at 9:00 a.m. in the Eastern District of California at Fresno.

DATED: October 31, 2011.

PHILIP M. PRO
United States District Judge